PeaRSon, C. J.
 

 Case is the proper action by one owning an estate in remainder in a chattel which is destroyed or permanently injured by the wrongful act of a third person, or of the particular tenant, or of one claiming under him.
 

 Mrs. Knox had a right to hire the slave to the defendant, and as there is no allegation of neglect, the plaintiffs have no cause of action; for there is no wrongful act unless they are entitled to the benefit of the special stipulations in the contract of hiring. It is admitted that they are not parties to the contract, and no part of the consideration moved from them-; but it is insisted that a tenant, for life, is a trustee, or
 
 quasi
 
 trustee for the remainderman, and by reason of this relation and the privity of estate, a contract made by the 'one, will enure to the benefit of the other.
 

 Test this question in this way ; suppose the tenant for life, •dies before the expiration of the year, for which the slave was
 
 *420
 
 hired, are the remaindermen bound to let the bailee have him for the rest of the year ? or may they not forthwith take him into possession
 
 %
 
 treating the contract as of no force in respect to them ? Certainly they can take the slave. If a tenant, for life, of land, make a lease for years and dies, the term for years is so utterly void, as not even to be capable-of confirmation by the remainderman. It follows, that as the contract does not bind them, they can have no benefit under it for the want of mutuality, which is of the essence of all contracts.
 

 The position that a tenant, for life, is a trustee, or
 
 gtiasi
 
 trustee for the remainderman, is not tenable. The estate is divided into two parts, but each holds the legal title of their respective parts in severalty for their own use, and there is no separation of the legal from the beneficial estate in respect to either part, and without this separation, so that one may hold the legal estate for the benefit of another, the idea of a trust is out of the question. It is true, that the possession of the particular tenant is
 
 congtable
 
 (as Ooee terms it) with the estate in remainder ; that is, their position is not that of adversaries. They are privies in estate — claim under the same conveyance, and neither is allowed to dispute the title of the other. Hence, it follows, that if one procures a stranger to execute a release of right, it operates “ by way of extinguishment,” and enures to the benefit of the other. But it is obvious, that this principle does not extend to a
 
 oonirraob
 
 made by one in respect to his part, to which the other is not a party, and by which ho is not bound, there being no confirmation ; for the benefit of the contract may be enjoyed exclusively by the party making it without disputing the title of the other, which is in no wise involved, whereas, in the case of a release, the party who buys in the out-standing right, cannot enjoy the exclusive benefit of it without prejudice to his privy in estate, and to prevent this, the right is considered as extinguished, whereby the other incidentally gets the benefit of the release. Note the diversity. There is no error.
 

 Per CuriaM, Judgment affirmed.